IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NICOLE EILEEN HILL,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 6:16-cv-02387-AA<br>**OPINION AND ORDER** |

AIKEN, Judge:

Plaintiff Nicole Eileen Hill brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the Commissioner's decision is reversed and remanded for further proceedings.

## BACKGROUND

In November 2012, plaintiff applied for DIB and SSI. She alleged disability beginning November 16, 2011, due to fibromyalgia, eczema, anxiety, depression, PTSD, migraines,

Page 1 – OPINION AND ORDER

learning disability (not otherwise specified), endometriosis, asthma, and sleep apnea. Plaintiff's DIB and SSI applications were denied initially and upon reconsideration, with the reconsideration denial dated September 2013. On March 3, 2015, plaintiff appeared at a hearing before an ALJ and testified. A vocational expert also testified. Plaintiff was represented by an attorney. In a written decision issued April 24, 2015, the ALJ found plaintiff not disabled. After the Appeals Council denied review, plaintiff filed a complaint in this Court.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4); *id.* § 416.920(a)(4). At step one, the ALJ found plaintiff had not engaged in "substantial gainful activity" since the alleged disability onset date of November 16, 2011. 20 C.F.R. §§ 404.1520(a)(4)(i), (b); *id.* §§ 416.920(a)(4)(i), (b). At step two, the ALJ found plaintiff had the following severe impairments as of the alleged onset date: obesity, depressive disorder, anxiety disorder, learning disorder (not otherwise specified), fibromyalgia, migraines, obstructive sleep apnea, and urinary retention of unknown etiology. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *id.* §§ 416.920(a)(4)(ii), (c).

At step three, the ALJ determined that plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); *id.* §§ 416.920(a)(4)(iii), (d).

The ALJ then assessed plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); *id.* § 416.920(e). The ALJ found plaintiff has the residual functional capacity to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Specifically, the claimant can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; she can stand and/or walk for six hours out of an eight-hour workday with regular breaks; she can sit for six hours out of an eight-hour workday with regular breaks; she is limited to occasionally climbing ramps and stairs and never climbing ladders, ropes or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to wetness, avoid even moderate exposure to respiratory irritants such as fumes and dust, and needs ready access to a restroom due to urinary retention and the need to self-catheterize. The claimant can understand, remember, and carry out simple, routine and repetitive tasks and can sustain occasional interaction with the general public.

Tr. 26. At step four, the ALJ concluded plaintiff could not perform any of her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f). At step five, however, the ALJ found that plaintiff could perform work existing in the national economy; specifically, plaintiff could work as a computer controlled color photo printer operator or assembler of small products I. 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1). Accordingly, the ALJ found plaintiff not disabled and denied her applications for benefits.

## DISCUSSION

The Commissioner concedes that the ALJ's decision contains legal errors and must be remanded. The parties disagree, however, over whether the remand should be for further proceedings or for an immediate award of benefits.

The Ninth Circuit has developed a three-step process to determine whether a Social Security appeal should be remanded for further proceedings or for an immediate award of benefits. At step one, the reviewing court must determine whether the ALJ made a harmful legal error, such as failing to provide legally sufficient reasons for rejecting evidence. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). At step two, the court reviews the record as a whole to determine whether the record is fully developed and free from conflicts, with all essential factual issues resolved. *Id.* Step two is the most important step because "the decision whether to remand for further proceedings turns upon the likely utility of such proceedings." *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000) (citation omitted). If the record is fully developed, the court proceeds to step three and considers "whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true." *Dominguez*, 808 F.3d at 407 (citations omitted). If the ALJ would be required to make such a finding, the court has discretion to remand for an immediate award of benefits. *Id.* Even when

all three steps are satisfied, however, the court may remand for further proceedings if the record as a whole "creates serious doubt as to whether a claimant is, in fact, disabled within the meaning of the . . . Act." *Id.* at 408 (citation and internal quotation marks omitted).

Here, the parties agree that the ALJ erred in her handling of Dr. Steve Pethick's medical opinion. Dr. Pethick, Ph.D., examined plaintiff in a psychological consultation, where he diagnosed plaintiff with a learning disability (not otherwise specified); PTSD; an anxiety disorder (not otherwise specified); and a depressive disorder (not otherwise specified). Dr. Pethick advised that plaintiff required work accommodations to "minimize the impact of her condition" including "extra time to complete job tasks;" "access to a distraction-free setting;" "being provided with clear, spoken and appropriately written instructions for job tasks. She should be allowed to record verbal instructions to assist with remembering;" "being shown how to complete job related tasks and being [given] the opportunity to ask as many questions as necessary;" "being asked to complete only one task at a time." Tr. 320. While the ALJ gave great weight to Dr. Pethick's opinion, the ALJ erred by failing to include any of the listed accommodations in plaintiff's RFC. Further, the ALJ erred in omitting the accommodations from all hypotheticals posed to the vocational expert.

Proceeding to step two, I conclude that a remand for further proceedings is the proper course because the record is not fully developed. Along with Dr. Pethick's opinion, I examine the 2012 opinion of Dr. Katherine Beckstrand, plaintiff's primary treating physician since 2008. The ALJ gave great weight to Dr. Beckstrand's opinion. In 2012, Dr. Beckstrand opined that plaintiff could not perform her previous retail work, but could work "in a sedentary type job due to her fibromyalgia, and one with the pace and low stress characteristics described by Dr. Pethick." Tr. 343. Plaintiff's disability onset date is November 16, 2011. Therefore, Dr.

Page 5 – OPINION AND ORDER

Beckstrand and Dr. Pethick believed plaintiff could function in a work environment at least one year past her disability onset date. Because the RFC and hypothetical questions did not include all of plaintiff's functional limitations, remand is required to properly consider and incorporate the medical opinions of Dr. Beckstrand and Dr. Pethick. Accordingly, the question of whether sufficient jobs exist in the national economy to accommodate plaintiff's restrictions is undetermined, and further administrative proceedings are necessary.

Returning to step one, I note that the ALJ erred in her assessment of Dr. Beckstrand's 2015 opinion. Dr. Beckstrand completed a second opinion in 2015 that included significantly greater restrictions than her previous opinion, which the ALJ gave little weight. Among other restrictions, Dr. Beckstrand opined that plaintiff's medications impaired her to the extent that she could not perform simple work tasks for up to 20 percent of a workweek. The doctor further indicated that plaintiff would miss at least two full workdays per month due to a combination of medications and "migraines, as well as flares of fibromyalgia & joint pain." Tr. 599. The ALJ gave little weight to Dr. Beckstrand's 2015 opinion because:

> it is not consistent with the record as a whole and is internally inconsistent. The doctor's opinion also contrasts sharply with the other evidence of record, including her own previous assessment, which renders it less persuasive. The course of treatment pursued by the doctor has not been consistent with what one would expect if the claimant were truly disabled, as the doctor has reported.

Tr. 30. Both plaintiff and the Commissioner offer differing interpretations regarding the ALJ's argument that Dr. Beckstrand's 2015 opinion conflicted with the opinion she issued in 2012. The Commissioner argues that the ALJ did not err because the two opinions offer conflicting conclusions about plaintiff's ability to work.

The Commissioner overlooks a vital point: the 2012 opinion does not inherently conflict with the 2015 opinion. Plaintiff suffers from degenerative comorbidities, including several

designated 'severe' by the ALJ. Tr. 24-25. Because plaintiff's condition worsened in the intervening years, there is no inherent conflict in Dr. Beckstrand's conclusion that plaintiff was medically capable of working in 2012, but not in 2015. The Commissioner's argument, that a conflict exists between the two opinions, is unavailing.

The ALJ further erred in her reasoning for granting little weight to Dr. Beckstrand's 2015 opinion. The ALJ's general assertion that the doctor's opinion "is not consistent with the record as a whole and is internally inconsistent," and that plaintiff followed a conservative course of treatment, do not rise to the level of specific and legitimate reasons for rejecting the opinion of a treating medical source. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (The ALJ must give specific and legitimate reasons for elevating one medical opinion over another). The ALJ's statements fail to cite the record or provide any specific evidence of internal inconsistency or conflicts with the record as a whole. The ALJ's rationales amount to "boilerplate language that fails to offer a substantive basis" for an ALJ's conclusion, and is not a permissible basis for rejecting a medical source opinion. *Garrison*, 759 F.3d at 1012-13. Additionally, although a plaintiff following a conservative course of treatment is a specific and legitimate reason for doubting that plaintiff's subjective symptom testimony, it is not a reason to give little weight to a medical source opinion, unless the ALJ also proves the medical source opinion was based primarily on the plaintiff's subjective testimony. *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989); *Tomasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). Here, the ALJ offered no evidence or reasoning to repudiate Dr. Beckstrand's opinion in this manner. These errors require reversal.

However, for the reasons stated above, the record requires further development, and I need not reach the third step of the credit-as-true process. I declines to address Plaintiff's

Page 7 -- OPINION AND ORDER

remaining arguments, which are moot based on the incomplete record and this order of remand. On remand, the ALJ must reevaluate the opinions of Drs. Beckstrand and Pethick, and if applicable, provide legally sufficient reasons for rejecting them.

## CONCLUSION

The Commissioner's decision is REVERSED and this case is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated this 25 day of January 2018.

_____
Ann Aiken
United States District Judge